Filed 2/25/26  P. v. Vilas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C102307 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-198306) |
| v. | |
| THEODORE RHINEHART VILAS III, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Theodore Rhinehart Vilas III filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues on appeal and asking this court to independently review the record.  Finding no arguable errors, we will affirm.

## BACKGROUND

In the early morning hours of April 18, 2024, a California Highway Patrol officer observed a black truck pulling a trailer that had no license plate or lights.  The truck was traveling approximately 15 miles per hour over the speed limit and weaving between

1

lanes. The officer pulled the truck over. Vilas was alone, appeared nervous, and failed to provide his license, registration, or proof of insurance.

The officer asked Vilas to exit the truck. When Vilas did so, the officer noticed a handgun holster on the driver's side floorboard next to a wallet. Vilas then disclosed that he had "dope" in the truck. The officer searched the truck and, in the area behind the driver's seat, found a loaded handgun that fit into the holster. The search also yielded an automotive key cutting machine, shaved keys, small hand tools, and 6.2 grams of methamphetamine.

In May 2024, an information charged Vilas with being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a); count one), possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count two), and possession of burglary tools (§ 466; count three).[1] The information further alleged as to counts one and two that Vilas had suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) for witness intimidation (§ 136.1, subd. (a)(1)). The information also alleged multiple circumstances in aggravation for purposes of sentencing.

In August 2024, the jury found Vilas guilty of counts one and two, but not guilty of count three. In a bifurcated proceeding, the trial court found the prior strike allegation was true. The court also found true three factors in aggravation.

In October 2024, the trial court sentenced Vilas to an aggregate prison term of six years, consisting of six years on count two (the middle term doubled because of the prior strike) plus a term of four years on count one (the middle term doubled), which the court stayed pursuant to section 654. The court also imposed statutory minimum fines and fees and awarded Vilas a total of 353 days of custody credit (177 actual plus 176 conduct).

Vilas timely appealed.

---

[1] Undesignated statutory references are to the Penal Code.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Vilas was advised by counsel of his right to file a supplemental brief. He did not do so.

Finding no arguable error that would result in a disposition more favorable to Vilas, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.

_____/s/_____
FEINBERG, J.


We concur:


_____/s/_____
RENNER, Acting P. J.


_____/s/_____
BOULWARE EURIE, J.

3